# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 837 | **DATE** | 11/3/2004 |
| **CASE TITLE** | Omelogu vs. Univ. of Illinois Chicago Police Officers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to dismiss defendant's counterclaim is denied. Enter Memorandum Opinion and Order. Answer to the counterclaim to be filed by 11/17/04. Discovery, both expert and fact, is ordered closed on 2/1/05. Pretrial conference set for 6/1/05 at 1:30 p.m. Jury trial set for 6/6/05 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | NOV 04 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | 2004 NOV -3 PM 11:23 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENYINNAYA OMELOGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 0837 |
| ) | |
| University of Illinois at Chicago Police Officers ) | Judge John W. Darrah |
| CESAR CANIZALES, # 775; ) | |
| GERALD JENKOT, # 725; and ) | |
| SERGEANT ALFRED PERALES, # 110, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
NOV 04 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Enyinnaya Omelogu, filed suit against Defendants, alleging violations of 42 U.S.C. § 1983 and a state law claim for malicious prosecution. Subsequently, Defendant Cesar Canizales filed a counterclaim against Plaintiff, alleging assault and battery. Presently pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim.

A reading of the Complaint and Counterclaim supports the following summary of the alleged operative conduct of the parties.

On February 3, 2002, several University of Illinois at Chicago Police Officers, including the Defendants, responded to a battery call. When they arrived at the scene, Chiedoziem Ibekwe was arrested for battery.

When the police arrived at the scene, Plaintiff was asleep in his bedroom. Canizales knocked on Plaintiff's bedroom door to retrieve a personal item belonging to Ibekwe. When Plaintiff opened the bedroom door, Canizales grabbed Plaintiff; and Canizales and Plaintiff ended up in a roommate's bedroom. While in the roommate's bedroom, Canizales and other police officers

punched, kicked, and beat Plaintiff and banged Plaintiff's head on the floor. As result of the beating, Plaintiff was injured. Plaintiff filed suit based on these allegations on February 3, 2004.

Contrary to Plaintiff's allegations, Canizales alleges that Plaintiff, without provocation and warning, struck Canizales with his hands. Canizales filed his Counterclaim on August 6, 2004.

Plaintiff seeks dismissal of Canizales's counterclaim, arguing that the counterclaim is barred by the two-year statute of limitations for personal injury.

Generally, claims for personal injury must be filed within two years of the accrual of the injury. 723 ILCS 5/13-202. However, under 735 ILCS 5/13-207, "a defendant in a lawsuit may bring a counterclaim after the period authorized in the applicable statute of limitations has elapsed, as long as the plaintiff's claim arose before the cause of action brought as a counterclaim was barred." *Bethlehem Steel Corp. v. Chicago Eastern Corp.*, 863 F.2d 508, 511 (7th Cir. 1988). The purpose of this savings clause is to prevent a plaintiff from intentionally filing their claims as late as possible in an attempt to deprive a defendant a reasonable opportunity to file a counterclaim within the original limitations period. *See Cameron General Corp. v. Hafnia Holdings, Inc.*, 289 Ill. App. 3d 495 (1997).

Canizales contends that his counterclaim is not time barred pursuant to 5/13-207. Plaintiff contends that 5/13-207 is not applicable to Canizales's battery claim, citing to *Barragan v. Osman Const. Corp.*, __ Ill. App. 3d __, __ (2004), 2004 WL 1886464 (Aug. 24, 2004) (*Barragan*). The *Barragan* court held that the more specific limitations period applicable to claims for contribution and indemnity, 735 ILCS 5/13-204, governed over the general savings clause in 5/13-207. *Barragan*, __ Ill. App. 3d at __.

2

*Barragan* is readily distinguishable from the case at hand. Section 5/13-204 provides that claims for indemnity or contribution must be filed within two years after the party seeking indemnity or contribution has been served with process. This provision provides a specific statute of limitations for the filing of claims for indemnity or contribution, specific subsets of the general category of counterclaims. *See Barragan*, ___ Ill. App. 3d at ___. The provision does not deprive a party seeking indemnification or contribution a reasonable opportunity to file a counterclaim as it allows two years to file such a claim after the party is served. *See Barragan*, ___ Ill. App. 3d at ___. Furthermore, Section 5/13-204 specifically provides that it applies to all actions for indemnity or contribution and "shall preempt, as to contribution and indemnity actions only, all other statutes of limitations. . ." 725 ILCS 5/13-204(c).

Unlike Section 5/13-204, the statute of limitations for personal injury, 735 ILCS 5/13-202, does not provide a specific limitation for counterclaims and does not specifically provide that the two-year statute of limitations preempts all other statutes of limitations. Furthermore, under Plaintiff's interpretation of the two statutes, a party seeking to file a counterclaim would not have a reasonable opportunity to file a counterclaim if the original suit was filed as late as possible. The present case clearly provides such an example. Here, Plaintiff filed his suit on the last possible date of the applicable two-year statute of limitations. Thus, Canizales would have been required to file his counterclaim before he received a copy of the Complaint on February 4, 2004. This result would render 5/13-207 meaningless. *See Beetle v. Wal-mart Assoc., Inc.*, 326 Ill. App. 3d 528, 531-32 (2001) (the court must interpret statutes in a manner that avoids an inconsistency and gives effect to both statutes where such an interpretation is reasonably possible).

Based on the above, Canizales's Counterclaim was timely filed pursuant to 735 ILCS 5/13-207. Accordingly, Plaintiff's Motion to Dismiss Defendant's Counterclaim is denied.

Dated: November 3, 2004

JOHN W. DARRAH
United States District Judge

4